UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA,

    -against-                                99 Cr. 1250-01 (RWS)

JOSE ENRIQUE GARCIA DAVALOS,               OPINION

             Defendant.

------------------------------------X

A P P E A R A N C E S:

        Pro Se

        JOSE ENRIQUE GARCIA DAVALOS
        Reg. No. 60462-054
        M.V.C.C., Unit B-1
        555 I Cornell Drive
        Philipsburg, PA   16866

        Attorneys for Respondent

        PREET BHARARA
        United States Attorney
        Southern District of New York
        One Saint Andrew's Plaza
        New York, NY   10007
        By:   Mark Lanpher, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/1/10

**Sweet, D.J.**

Defendant Jose Enrique Garcia Davalos ("Davalos" or the "Defendant") has moved pro se for a reduction of his sentence. For the reasons set forth below, Davalos's motion is denied.

**Prior Proceedings**

On April 17, 2008, Davalos pleaded guilty to one count of unlawfully forging the signature of a United States Judge, in violation of 18 U.S.C. § 505. In the plea agreement, the parties stipulated that the Guidelines range was 15 to 21 months' imprisonment. In addition, the parties agreed that a sentence within this range would constitute a reasonable sentence in light of the factors set forth in 18 U.S.C. § 3553(a) and that neither party would seek, suggest that the Probation Department consider, or request the Court sua sponte to consider a sentence outside of that range.

On March 24, 2009, Davalos was sentenced to 15 months' imprisonment, the low end of the stipulated Guidelines range, to be followed by three years' supervised

release and restitution of $427,984.03, as set forth in the plea agreement. At sentencing, defense counsel did not object to the Guidelines range calculation in the Presentence Investigation Report ("PSR") or in the draft sentencing opinion entered on October 20, 2008.

On March 31, 2010, Davalos filed the instant motion, which was marked fully submitted on May 19, 2010.

**Discussion**

Davalos has contended that he is entitled to a "reduction of his sentence" because "the District Court imposed a sentence greater than the sentence contained in the plea agreement." (Def. Mot. 2.) However, the court may only reduce a sentence under two circumstances: (1) within 14 days of sentencing, to correct a sentence that resulted from arithmetical, technical, or other clear error; or (2) at a later date, upon the Government's motion due to the defendant's substantial assistance in the investigation or prosecution of another person. Fed. R. Crim. P. 35. Neither circumstance is present here.

Regardless, a review of the record demonstrates that Davalos's asserted errors are non-existent. It was contemplated in the plea agreement, the PSR, and the sentencing proceedings that the Guidelines range would be calculated with reference to the total losses Davalos inflicted on his victims and all relevant fraudulent conduct. Indeed, at the time of Davalos's guilty plea, Magistrate Judge Debra Freeman confirmed that Davalos understood that, under the terms of his plea agreement, he would not be permitted to seek a sentence outside the range of 15 to 21 months' imprisonment and that he would be responsible for paying full restitution to the victims of his fraud. (Plea Tr. 15-16.)

**Conclusion**

For the reasons set forth above, Defendant's motion for a reduction in his sentence is denied.

It is so ordered.

New York, NY
June 30, 2010

ROBERT W. SWEET
U.S.D.J.

3